IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-01635-BNB

EARL CROWNHART

  Plaintiffs,

v.

CINDY CORRELLA,
JOHN GIGAGOS,
DON IRWIN,
DENA MUTRUZKY,
TANYA, and
TRUDY RAMOS,

  Defendants.

FILED
UNITED STATES DISTRICT COURT
        COLORADO

SEP 2 5 2006

GREGORY C. LANGHAM
                CLERK

---

ORDER DIRECTING PLAINTIFF TO FILE AN
AMENDED COMPLAINT AND TO SHOW CAUSE

---

On September 20, 2006, Plaintiff filed a document with the Court that appears to be an attempt to include additional claims in the instant action. Plaintiff's attempt to amend or supplement the original complaint supersedes the original complaint. *See* **Boelens v. Redman Homes, Inc.**, 759 F.2d 504, 508 (5th Cir. 1985); **Cameron v. Fogarty**, 705 F.2d 676 (2$^{d}$ Cir. 1983); **London v. Coopers & Lybrand**, 644 F.2d 811 (9th Cir. 1981); 6 C. Wright, A. Miller & M. Kane, **Federal Practice and Procedure** § 1476 (1990). The document is deficient and will not be considered as an amended complaint, because it does not contain all the alleged claims, the request for relief, all the named Defendants and their addresses, or the necessary information requested in the complaint form. Even if the Court were to consider the document as a supplement

to the original Complaint, the document does not meet the requirements of Fed. R. Civ. P. 8 as discussed below.

The Court has reviewed the Complaint and has determined that it too is deficient. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the Court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Rule 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Specifically, Rule 8(a) provides that a complaint "shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks." The philosophy of Rule 8(a) is reinforced by Rule 8(e)(1), which provides that "[e]ach averment of a pleading shall be simple, concise, and direct." Taken together, Rules 8(a) and (e)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

Mr. Crownhart's Complaint is vague and unintelligible. He alleges that the staff does not work properly with clients and fails to meet the mission statement. He also states that he seeks release from the facility where he currently is held. As relief he seeks money to cover his court costs and replacement of an item that apparently was destroyed.

The Complaint does not include a short and plain statement of his claims showing that he is entitled to relief in this action. *See* Fed. R. Civ. P. 8(a)(2). Mr. Crownhart must allege, simply and concisely, his specific claims for relief, including the specific rights that allegedly have been violated and the specific acts of each defendant that allegedly violated his rights.

Mr. Crownhart also must assert each defendant's personal participation in the alleged constitutional violations. Personal participation is an essential allegation in a civil rights action. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, the plaintiff must show that each defendant caused the deprivation of a federal right. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993).

A decision to dismiss a complaint pursuant to Rule 8 is within the trial court's sound discretion. *See Atkins v. Northwest Airlines, Inc.*, 967 F.2d 1197, 1203 (8th Cir. 1992); *Gillibeau v. City of Richmond*, 417 F.2d 426, 431 (9th Cir. 1969). The Court finds that the Complaint does not meet the requirements of Fed. R. Civ. P. 8 and that Mr. Crownhart should be given an opportunity to file an Amended Complaint. He will be directed to do so below.

The Court also finds that although Mr. Crownhart states that there is a grievance procedure at the institution where he is confined, he concedes that he has not exhausted the available administrative remedies. Pursuant to 42 U.S.C. § 1997e(a), "[n]o action shall be brought with respect to prison conditions under . . . any . . . Federal

law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." An inmate must exhaust administrative remedies before seeking judicial relief regardless of the relief sought and offered through administrative procedures, see *Booth v. Churner*, 532 U.S. 731, 739 (2001), and regardless of whether the suit involves general circumstances or particular episodes. See *Porter v. Nussle*, 534 U.S. 516, 532 (2002).

Mr. Crownhart appears to be confined in a correctional facility. The claims he asserts relate to the conditions of his confinement. He must exhaust the available administrative remedies. Furthermore, 42 U.S.C. § 1997e(a) "imposes a pleading requirement on the prisoner." *Steele v. Fed. Bureau of Prisons*, 355 F.3d 1204, 1210 (10th Cir. 2003). To satisfy the burden of pleading exhaustion of administrative remedies, Mr. Crownhart must "either attach copies of administrative proceedings or describe their disposition with specificity." *Id.* at 1211. Therefore, Mr. Crownhart will be ordered to show cause why the Amended Complaint should not be dismissed for failure to exhaust the available grievance remedies at the facility where he is confined. Accordingly, it is

ORDERED that Mr. Crownhart file **within thirty days from the date of this Order** an Amended Complaint that complies with the directives in this Order and that shows cause why the Complaint should not be dismissed for failure to exhaust the available administrative remedies. It is

FURTHER ORDERED that the Amended Complaint shall be titled "Amended Prisoner Complaint," and shall be filed with the Clerk of the Court, United States District

Court for the District of Colorado, Alfred A. Arraj United States Courthouse, 901 Nineteenth Street, A105, Denver, Colorado 80294. It is

FURTHER ORDERED that the Clerk of the Court mail to Mr. Crownhart, together with a copy of this Order, two copies of the Prisoner Complaint form for use in submitting the Amended Complaint. It is

FURTHER ORDERED that Mr. Crownhart submit sufficient copies of the Amended Complaint to serve each named defendant. It is

FURTHER ORDERED that if Mr. Crownhart fails to comply with this Order to the Court's satisfaction, within the time allowed, the Complaint and the action will be dismissed without further notice.

DATED September 25, 2006, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

## CERTIFICATE OF MAILING

Civil Action No.  06-cv-01635-BNB

Earl Crownhart
Prisoner No. 185712
2800 D. Road
Grand Junction, CO 81501

I hereby certify that I have mailed a copy of the **ORDER and two copies of Prisoner Complaint** to the above-named individuals on 9/25/06

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk